[Cite as *Pietrangelo v. PolyOne Corp.*, 2021-Ohio-4239.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES E. PIETRANGELO, II

    Appellant

    v.

POLYONE CORPORATION, et al.

    Appellees

C.A. No.    21CA011734

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CV192741

DECISION AND JOURNAL ENTRY

Dated: December 6, 2021

CALLAHAN, Judge.

{¶1} Appellant, James Pietrangelo, appeals orders of the Lorain County Court of Common Pleas that granted summary judgment to appellees, The Lubrizol Corporation ("Lubrizol") and PolyOne Corporation ("PolyOne"), now known as Avient Corporation ("Avient"). This Court affirms.

I.

{¶2} On June 30, 2017, Mr. Pietrangelo filed a complaint against PolyOne, alleging that its facility in Avon Lake was "spewing non-ionizing radiation, pressure/energy waves, vibrations, noise, and/or fumes/smells harmful to human health and home into the environment and surrounding neighborhood, including on a nightly basis." Mr. Pietrangelo maintained that his residence was affected by these phenomena and that "[t]he radiation, waves, and/or vibrations impacted * * * and vibrated * * * [his] body" in a manner that was "uncomfortable at best to excruciating at worst." The complaint described the physical ailments that Mr.

Pietrangelo alleged to have suffered as a result and alleged claims for private nuisance, public nuisance, and negligence. Mr. Pietrangelo also sought a preliminary and permanent injunction. The trial court denied Mr. Pietrangelo's motion for a temporary restraining order/preliminary injunction, noting, in part, that "[Mr.] Pietrangelo failed to offer any scientific, geological, radiological, or atmospheric evidence to support his claims nor did he introduce any medical testimony or evidence to verify his alleged physiological or psychological injuries."

{¶3} On October 17, 2021, Mr. Pietrangelo amended his complaint to add "The Lubrizol Corporation" as a defendant. With respect to Lubrizol, Mr. Pietrangelo alleged:

> At all times material herein, Defendant The Lubrizol Corporation ("Lubrizol") was/is an Ohio Corporation, organized and operating in the State of Ohio under and by virtue of the laws of the State of Ohio, with its principal place of business at 29400 Lakeland Boulevard, Wickliffe, OH 44092, and with an operational facility at 550 Moore Road, Avon Lake, OH 44012, at or in or with the above-mentioned industrial campus.

The amended complaint alleged the same causes of action, but against both PolyOne and Lubrizol. On November 10, 2017, two attorneys entered a notice of appearance on behalf of Lubrizol. The same two attorneys filed an answer on November 27, 2017,[1] noting that it was filed on behalf of "Defendant, Lubrizol Advanced Materials, Inc. * * * incorrectly named as The Lubrizol Corporation." With respect to Lubrizol Advanced Materials, Inc. ("LAM"), the answer denied that LAM was an Ohio corporation with its principal place of business located in Wickliffe, Ohio; asserted that LAM was a Delaware corporation with its principal place of business in Brecksville, Ohio; and acknowledged that LAM operated a facility on Moore Road in Avon Lake, Ohio.

---

[1] On January 16, 2018, those attorneys filed a notice with the clerk of courts indicating that the answer had been filed by facsimile transmission but was not listed on the docket. With that filing, they attached the confirmation of filing related to the answer.

{¶4} In the months that followed, LAM participated in discovery with the proviso that it was incorrectly named as Lubrizol in the complaint. In 2018, the parties had a discovery dispute related to subpoenas duces tecum issued to nonparties by LAM. The trial court granted a motion to compel production of the documents, and Mr. Pietrangelo appealed. LAM moved to dismiss the appeal, arguing that it was moot because the subpoenaed documents had been produced. In response to the motion to dismiss, Mr. Pietrangelo argued—for the first time—that LAM was not a party to the case. Noting that Mr. Pietrangelo had not raised the issue in opposition to the subpoena in the trial court, this Court refused to consider it in the first instance and dismissed the appeal. *See Pietrangelo v. PolyOne Corp.*, 9th Dist. Lorain No. 18CA011356, Journal Entry (Mar. 7, 2019).

{¶5} After this Court dismissed the appeal, Mr. Pietrangelo filed a motion for summary judgment, arguing that Lubrizol failed to answer the complaint and, as a result, the allegations against Lubrizol should be construed to be admitted. The attorneys who had previously answered on behalf of LAM as an incorrectly named party then requested leave to file an "amended answer" on behalf of Lubrizol, which the trial court granted. In the amended answer, Lubrizol averred that it did not conduct any operations at the facility mentioned in the complaint and that "[LAM] owns the facility and conducts operations at the facility." Lubrizol also asserted that Mr. Pietrangelo sued an incorrect party and failed to join an indispensable party. In support of its motion to amend the answer, Lubrizol attached an exhibit consisting of correspondence related to the status of the parties. That correspondence provided, in part:

> Second, on appeal, you raised an issue regarding [LAM]'s involvement in this case. With the case now returning to the trial court, the appropriate parties to the case should be clarified and clearly identified. I believe that can be quickly and efficiently accomplished with you filing an unopposed motion to substitute [LAM] as the named Lubrizol entity in this case.

* * *

> While it is understandable that you may not have known the proper legal entity associated with the Avon Lake facility at the outset of your lawsuit, Lubrizol has repeatedly made clear through its filings, discovery responses, and document production, as well as through direct correspondence to you, that [LAM] is the correct entity.

Mr. Pietrangelo, however, maintained that he believed Lubrizol was the correct party. On May 13, 2019, the trial court denied Mr. Pietrangelo's motion for summary judgment against Lubrizol.

{¶6} Lubrizol then moved for summary judgment on the grounds that it was not the proper party, arguing that LAM, rather than Lubrizol, operated the Avon Lake facility. Mr. Pietrangelo obtained additional time to respond to the motion for summary judgment under Civ.R. 56(F). On September 17, 2020, the trial court granted summary judgment to Lubrizol, concluding that Lubrizol did not own or operate the Avon Lake facility and had not waived any defenses in that regard. The case proceeded on the claims asserted against PolyOne, by then known as Avient.[2]

{¶7} On November 20, 2020, Avient moved for summary judgment on the merits of Mr. Pietrangelo's claims. As with Lubrizol's motion for summary judgment, Mr. Pietrangelo requested additional time to respond under Civ.R. 56(F). On January 8, 2021, the trial court denied his request, noting that the parties had undertaken extensive discovery. The trial court also noted that "even if [Mr. Pietrangelo] intends to retain experts, which he should have done years ago, the time for delay and additional discovery is past." In the same vein, the trial court continued:

> [Mr. Pietrangelo] has had more than three years to fully litigate this case, to seek discovery in order to support his claims and oppose defenses, and to retain experts

---

[2] For purposes of clarity, this opinion will refer to Avient from this point forward.

to bolster his allegations and rebut [Avient]'s experts. Instead, not only did he forgo retaining <u>any</u> experts, he refused to provide his medical records to support his allegations.

* * *

[Mr. Pietrangelo] has a right to fully litigate his case and make a complete record of his prosecution of the case and he has been given a full opportunity to do so in these proceedings. Similarly, this Court has a right to bring this case, and all litigation it presides over, TO A CLOSE.

(Emphasis in original.) Mr. Pietrangelo also moved to strike or exclude an expert report upon which Avient relied in a motion that exceeded the page limitation established by the trial court. The trial court denied Mr. Pietrangelo leave to exceed the page limitation but permitted him to refile a complying motion. The trial court denied that motion on January 22, 2021, noting that "instead of relying upon his own experts to support his position or counter Avient's, it appears that [Mr. Pietrangelo's] strategy is instead to 'stave off summary judgment by striking Avient's experts.'"

{¶8} On February 10, 2021, the trial court granted summary judgment to Avient on each of Mr. Pietrangelo's claims, and Mr. Pietrangelo appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED/ABUSED [ITS] DISCRETION TO THE PREJUDICE OF PIETRANGELO IN GRANTING [LUBRIZOL] LEAVE TO FILE AN (AMENDED) ANSWER.

{¶9} Mr. Pietrangelo's first assignment of error argues that the trial court erred by granting Lubrizol leave to file an amended answer following his assertion that LAM was not a party to the action and his motion for summary judgment. This Court does not agree.

{¶10} Civ.R. 15(A) provides that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it * * * . In all other cases, a party may amend its

pleading only with the opposing party's written consent or the court's leave." Leave of court must be "freely given when justice so requires." *Id.* *See also State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 504 (2001) ("The general policy of the rules favors liberal amendment of the pleadings."). Nonetheless, a motion to amend pleadings should be denied upon a showing of "bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99 (1999), citing *Hoover v. Sumlin*, 12 Ohio St.3d 1 (1984), paragraph two of the syllabus. This Court must review an order that grants leave to amend a pleading for an abuse of discretion. *See State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996). An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶11} Counsel for LAM—who had entered an appearance on behalf of Lubrizol and represented both LAM and Lubrizol in the trial court—answered Mr. Pietrangelo's amended complaint on behalf of "Defendant, Lubrizol Advanced Materials, Inc. * * * incorrectly named as The Lubrizol Corporation." In so doing, counsel both answered the allegations of the complaint and brought the identity of the proper party into issue in the case. *See generally* Civ.R. 15(C) (describing the relation back of amended pleadings when the identity of a defendant is changed and the defendant has had notice of the institution of the action such that it will not suffer prejudice if the action is maintained against it). The record substantiates Lubrizol's position that until Mr. Pietrangelo raised LAM's standing during the prior appeal to this Court, counsel actively defended the suit on its merits under the apparent assumption that Mr. Pietrangelo had mistakenly named Lubrizol and would ultimately correct that error. This

defense included participation in discovery which, in turn, included a site inspection at the facility at issue by Mr. Pietrangelo. The trial court's conclusion that there is no indication of bad faith, undue delay, or undue prejudice—and the decision to permit Lubrizol to file an amended answer—did not constitute an abuse of discretion.

{¶12} Mr. Pietrangelo, on the other hand, has framed his argument regarding the amended answer in terms of default: by his reasoning, Lubrizol did not answer the complaint at all until after he moved for summary judgment and, consequently, was in default and should not have been permitted to answer at that time. In other words, he suggests that this Court should consider Lubrizol's motion to be a motion to permit the late filing of an answer and construe the trial court's order granting leave in the same vein. Even analyzing Mr. Pietrangelo's argument as he has framed it, however, this Court cannot find an abuse of discretion. Civ.R. 6(B) provides that an extension of the time period in which any act under the Civil Rules must be taken may be obtained by motion after the time period has expired "where the failure to act was the result of excusable neglect[.]" A trial court has the discretion to permit the untimely filing of an answer under Civ.R. 6(B). *Kitson v. Gordon Food Serv.*, 9th Dist. Medina No. 15CA0078-M, 2016-Ohio-7079, ¶ 14. *See also Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). "Neglect," for purposes of Civ.R. 6(B), consists of "conduct that falls substantially below what is reasonable under the circumstances." *Davis* at 14. When a court determines whether neglect is excusable, all of the surrounding facts and circumstances are considered. *Id.* Courts must also give "due consideration [to] the principle that cases should be decided on their merits when possible." *Kitson* at ¶ 14.

{¶13} Even if this Court were to conclude that the actions of counsel for Lubrizol fell substantially below that which was reasonable under the circumstances—which we cannot do—

the same facts identified by the trial court in support of amendment lead to the conclusion that it was, nonetheless, excusable. As the trial court noted, Lubrizol appeared in the action and forthrightly asserted that it had been misidentified early in the proceedings, counsel participated in discovery, and "no prejudice of any nature [flowed] to [Mr. Pietrangelo]" because "Lubrizol (and LAM) has cooperated fully in this litigation and there are months of discovery left in which to conduct any additional discovery towards LAM should [Mr. Pietrangelo] so desire."

{¶14} Mr. Pietrangelo's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED TO THE PREJUDICE OF PIETRANGELO IN DENYING PIETRANGELO'S MARCH 22, 2019 MOTION FOR SUMMARY JUDGMENT AGAINST [LUBRIZOL].

{¶15} Mr. Pietrangelo's second assignment of error argues that the trial court erred by denying his motion for summary judgment against Lubrizol. Specifically, Mr. Pietrangelo maintains that because Lubrizol did not answer the amended complaint, the averments against it should have been deemed admitted and judgment entered in his favor. This Court does not agree.

{¶16} Mr. Pietrangelo asserts that a trial court can grant what is functionally a default judgment apart from the requirements of Civ.R. 55(A). *See generally Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986) (noting that "[d]efault * * * is a clearly defined concept" and "[a] default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading"). This Court makes no determination regarding whether this assertion is correct. *See generally Reese v. Proppe*, 3 Ohio App.3d 103, 105-106 (8th Dist.1981); Civ.R. 55(A). As discussed above, LAM answered the amended complaint with the notation that it was "incorrectly named as The

Lubrizol Corporation[,]" and the trial court did not err by permitting Lubrizol to file an amended answer. Lubrizol having done so, the provisions of Civ.R. 8(D) were inapplicable.

{¶17} Mr. Pietrangelo's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED/ABUSED [ITS] DISCRETION TO THE PREJUDICE OF PIETRANGELO IN CONSIDERING INADMISSIBLE EVIDENCE IN GRANTING [LUBRIZOL'S] MOTION FOR (PARTIAL) SUMMARY JUDGMENT.

{¶18} In his third assignment of error, Mr. Pietrangelo argues that the trial court abused its discretion by considering evidence in support of Lubrizol's motion for summary judgment that was inadmissible. This Court does not agree.

{¶19} Civ.R. 56(E) explains that affidavits submitted in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." *See also Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26. "Personal knowledge is knowledge of factual truth which does not depend on outside information or hearsay." *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 335 (6th Dist.1995), citing *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756 (2d Dist.1991). *See also Stetz v. Copley Fairlawn School Dist.*, 9th Dist. Summit No. 27432, 2015-Ohio-4358, ¶ 17-18 (concluding that hearsay and legal conclusions do not fall within the evidence contemplated by Civ.R. 56(E)).

{¶20} Mr. Pietrangelo's argument is addressed solely to the affidavit of Nada Faddoul, Esq. ("the Faddoul Affidavit"). Mr. Pietrangelo maintains that the trial court abused its discretion by failing to strike the Faddoul Affidavit because it referenced hearsay statements in the form of unauthenticated documents, out-of-court statements, and unauthenticated emails.

Mr. Pietrangelo does not challenge the other evidentiary materials filed in support of Lubrizol's motion for summary judgment, nor does he challenge the affidavit of Nathan Deutsch ("the Deutsch Affidavit"), upon which the trial court specifically relied. In that respect, this Court notes that the trial court referenced the Faddoul Affidavit only one time—in a footnote that mentions a single document. Having confined his argument so narrowly, it is incumbent upon Mr. Pietrangelo to demonstrate not only that the trial court erred with respect to the Civ.R. 56 evidence, but that he was prejudiced as a result. *See, e.g.*, *Messer v. Summa Health Sys.*, 9th Dist. Summit No. 28470, 2018-Ohio-372, ¶ 22-23.

{¶21} We cannot reach that conclusion given the nature of the Faddoul Affidavit. While the Deutsch Affidavit set forth the facts undergirding Lubrizol's motion for summary judgment, the Faddoul Affidavit was addressed almost exclusively to a different issue: the steps that Lubrizol had taken to apprise Mr. Pietrangelo that it believed itself to be the incorrect party. To that end, Ms. Faddoul's affidavit set forth a timeline of her communications with Mr. Pietrangelo and incorporated physical copies of various email messages to which she was a party. The trial court's decision reflects this distinction, relying on the Deutsch Affidavit for the conclusion that Lubrizol is not the correct party and granting summary judgment to Lubrizol on that basis.

{¶22} Mr. Pietrangelo's third assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED TO THE PREJUDICE OF PIETRANGELO IN GRANTING [LUBRIZOL'S] (PARTIAL) SUMMARY JUDGMENT AGAINST PIETRANGELO AND DISMISSING PIETRANGELO'S CLAIMS.

{¶23} In his fourth assignment of error, Mr. Pietrangelo argues that the trial court erred by granting summary judgment to Lubrizol on the basis that it was not the correct party. This Court does not agree.

{¶24} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The burden of demonstrating that there are no genuine issues of material fact falls to the moving party. *Byrd* at ¶ 10, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). "Once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party 'may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd* at ¶ 10, quoting Civ.R. 56(E).

{¶25} Mr. Pietrangelo's threshold argument is that because Lubrizol delayed in raising the defense that it was not the correct party, summary judgment was inappropriate by application of the doctrines of judicial estoppel, waiver, and laches. None of these doctrines apply in this case, however. In order to invoke the equitable doctrine of judicial estoppel, a party must demonstrate that the opposing party "took a contrary position under oath in a prior proceeding and that the court accepted the prior position." *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 29, citing *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, ¶ 25. No prior proceeding is at issue in this case. Waiver is "the intentional relinquishment or abandonment of a right[.]" *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. Laches, on the other hand, "is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey*, 15 Ohio St.3d 34, 35 (1984). Laches cannot be asserted based on

delay alone: the person who stands to benefit from the doctrine must have suffered material prejudice. *Id*. at 35-36, quoting *Smith v. Smith*, 168 Ohio St. 447 (1959), paragraph three of the syllabus.

{¶26} The record in this case does not substantiate Mr. Pietrangelo's argument that Lubrizol waived the argument in its motion for summary judgment or that Lubrizol's position was barred by laches. To the contrary, Lubrizol consistently asserted that it was not the correct party, placed Mr. Pietrangelo on notice that LAM was the correct party, and, as evidenced by the Faddoul Affidavit, engaged with Mr. Pietrangelo to clarify the issue. With respect to the issue of prejudice, the record also demonstrates that before Mr. Pietrangelo himself raised the issue of LAM's status in this Court, counsel for LAM and Lubrizol participated in discovery and fully litigated the case. This Court cannot conclude that Mr. Pietrangelo demonstrated substantial prejudice based on the record before us.

{¶27} Mr. Pietrangelo also argues that the trial court erred by granting summary judgment because there are genuine issues of material fact. Specifically, he argues that Lubrizol's own evidentiary materials failed to demonstrate that there were no genuine issues of material fact and, alternatively, that the evidence that he submitted in response to the motion for summary judgment demonstrated genuine issues of material fact.

{¶28} In support of its argument that it was not the owner or operator of the property at issue in this case, Lubrizol relied on the Deutsch Affidavit, which was sworn by Nathan Deutsch, the Plant Manager "for the facility located at 550 Moore Road, Avon Lake, Ohio 44012[.]" Mr. Deutsch averred that he had been an employee of LAM since 2006 and that his affidavit was made upon personal knowledge. He averred that LAM is a Delaware Corporation; that its headquarters are located in Brecksville, Ohio; and that the president of LAM is Mr. Rick Tolin.

He also noted that LAM, which was formerly known as Noveon, Inc., is a wholly owned subsidiary of Lubrizol. Mr. Deutsch averred that the facility located at 550 Moore Road is owned and operated by LAM and that LAM employees "are responsible for the day-to-day operation of the Facility[]" and are responsible for conducting and directing "[a]ll of the manufacturing activities and operations at the Facility[.]" Mr. Deutsch also noted that "[t]he Engineered Polymers business is a business segment of [LAM]."

{¶29} Mr. Pietrangelo, in turn, relied upon the deposition of Eric Schnur, the president, CEO, and chairman of Lubrizol. He maintained that Mr. Schnur's deposition testimony established that Lubrizol "owns and operates, and directs the operations of" the facility at issue. Mr. Pietrangelo purported to file the transcript of Mr. Schnur's deposition under seal with his memorandum in opposition to summary judgment, but that transcript is incomplete.[3] Acceptable evidence under Civ.R. 56(C) includes the "depositions * * * timely filed in the action." *See generally Sabol v. Richmond Hts. Gen. Hosp.*, 111 Ohio App.3d 598, 604 (8th Dist.1996) (noting that a deposition that has not been filed cannot be used in conjunction with summary judgment proceedings). *See also Outzen v. Continental Gen. Tire, Inc.*, 9th Dist. Summit No. 19604, 2000 WL 141069, *5 (Feb. 2, 2000). In this case, however, Mr. Pietrangelo attempted to rely upon excerpts from a deposition that was not filed in the action. *See XPX Armor & Equip., Inc. v. The SkyLIFE Co., Inc.*, 6th Dist. Lucas Nos. L-19-1109, L-19-1293, 2020-Ohio-4498, ¶ 86; *Greenwood Rehab., Inc. v. Boxell*, 6th Dist. Lucas No. L-04-1256, 2005-Ohio-2492, ¶ 29.

{¶30} Nonetheless, because Lubrizol did not object to the use of the incomplete deposition transcript and the trial court exercised its discretion to consider Mr. Pietrangelo's

---

[3] The transcript filed by Mr. Pietrangelo is missing pages 4-7, 10-12, 16, 22, 39-40, 52, 55, 60-62, 66-77, 79-86, 89-92, 95-96, and 99-106.

evidence, this Court does so as well. *See*, *e.g.*, *Cunningham v. Steubenville Orthopedics & Sports Medicine, Inc.*, 175 Ohio App.3d 627, 2008-Ohio-1172, ¶ 17 (7th Dist.).

**{¶31}** "Summary judgment * * * is not precluded by any and all issues of fact, but only those which are both genuine and material. '"Genuine" issues of fact, for purposes of Civ.R. 56, are those which are "real, not abstract, frivolous, or merely colorable."'" *Wochna v. Mancino*, 9th Dist. Medina No. 07CA0059-M, 2008-Ohio-996, ¶ 9, quoting *Craddock v. The Flood Co.*, 9th Dist. Summit No. 23882, 2008-Ohio-112, ¶ 18, quoting *Weber v. Antioch Univ.*, 2d Dist. Greene No. 94-CA-83, 1995 WL 118170, *2 (Mar. 8, 1995). As this Court recently explained,

> "[T]he dispute about a material fact is 'genuine' * * * if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* [*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)]. To determine whether a genuine issue exists, "a court must inquire 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 322-323 (6th Dist.1995), quoting *Anderson* at 251-252, and *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993). "If disputed evidence is not 'significantly probative,' summary judgment should be granted." *Harold v. Bridgestone/Firestone, Inc.*, 9th Dist. Summit No. 18915, 1998 WL 646626, *3 (Sept. 16, 1998), quoting *Buckeye Union Ins. Co. v. Consol. Stores Corp.*, 68 Ohio App.3d 19, 22 (10th Dist.1990).

*Gibbons v. Shalodi*, 9th Dist. Lorain No. 19CA011586, 2021-Ohio-1910, ¶ 33. Mr. Schnur's testimony underscored the Deutsch Affidavit. He emphasized that LAM is a wholly owned subsidiary of Lubrizol and that LAM operates the facility at issue. To the extent that Mr. Schnur testified regarding the relationship between Lubrizol and its subsidiaries with respect to internal corporate policies and public relations, this Court agrees with the trial court's assessment that any discrepancies between the Deutsch Affidavit and Mr. Schnur's deposition testimony are not genuine for purposes of Civ.R. 56.

**{¶32}** The trial court did not err by granting Lubrizol's motion for summary judgment, and Mr. Pietrangelo's fourth assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ERRED/ABUSED [ITS] DISCRETION TO THE PREJUDICE OF PIETRANGELO IN DENYING PIETRANGELO'S JANUARY 11, 2021 MOTION TO STRIKE AND THEREBY CONSIDERING IMPROPER MATERIAL AND INADMISSIBLE EVIDENCE IN GRANTING [AVIENT'S] MOTION FOR SUMMARY JUDGMENT.

{¶33} Mr. Pietrangelo's fifth assignment of error is that the trial court abused its discretion by denying his motion to strike the affidavits submitted in support of Avient's motion for summary judgment. This Court does not agree.

{¶34} This Court reviews a trial court's order denying a motion to strike evidence submitted in connection with a motion for summary judgment for an abuse of discretion. *See Flower v. Brunswick City School Dist. Bd. of Edn.*, 9th Dist. Medina No. 14CA0021-M, 2015-Ohio-2620, ¶ 44. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke*, 2015-Ohio-2507, at ¶ 8, quoting *Tretola*, 2015-Ohio-1999, at ¶ 25.

{¶35} Avient supported its motion for summary judgment with seven affidavits. Avient previously disclosed the identity of Safety Controls Technology, Inc. ("SCT") as an expert in the litigation. Timothy Gordon, an employee of SCT, provided an affidavit as an expert witness regarding Mr. Pietrangelo's claims that Avient's facility emitted non-ionizing radiation; noise; fumes and smells; and pressure, energy, or vibration. Mr. Gordon's expert report was previously provided to Mr. Pietrangelo, which he does not dispute. Mr. Gordon's affidavit incorporated and referenced that report, and the affidavit is consistent with the report. Mr. Pietrangelo deposed Mr. Gordon during discovery. As Mr. Gordon's affidavit indicated, Tom Bielema and Jon Medlock, who are also employed by SCT, conducted the data collection upon which his report relied. Avient also attached affidavits from Mr. Bielema and Mr. Medlock to its motion for

summary judgment. Those affidavits described the testing that they conducted, the equipment that they used, and the raw data that they obtained. As Mr. Bielema's and Mr. Medlock's affidavits verify, that testing was done in and around Mr. Pietrangelo's residence, with his knowledge and participation.

{¶36} The Civil Rules permit a party to discover the opinions of expert witnesses retained by opposing parties in order to prevent surprise and facilitate trial preparation. *See Geesaman v. St. Rita's Med. Ctr.*, 183 Ohio App.3d 555, 2009-Ohio-3931, ¶ 59 (3d Dist.). Mr. Pietrangelo was aware of each affiant's identity. Avient's use of their affidavits in support of the motion for summary judgment cannot be considered a surprise in this context. To the extent that Mr. Pietrangelo also argues that Avient had an obligation during discovery to provide him not only with Mr. Gordon's expert report but also with the three affidavits submitted by SCT employees in support of the motion for summary judgment, this Court reiterates that Mr. Gordon's affidavit was consistent with his expert report, which also explained the sources of the data upon which Mr. Gordon relied. Avient disclosed Mr. Gordon's affidavit, satisfying its obligations under Civ.R. 26(B)(5)(b) with respect to the SCT employees.

{¶37} In connection with its motion for summary judgment, Avient also provided the affidavits of Thomas Sulzer, facilities manager at the Avient facility; James DeFeo, Esq., senior associate counsel for Avient; Matthew Walker, a maintenance manager at the facility; and Tracy Turnbull, Esq., counsel for Avient. Mr. Sulzer, Mr. DeFeo, and Mr. Walker described conditions at the Avient facility and the history of complaints made regarding its operations. None of these individuals were experts.

{¶38} Civ.R. 26(B)(3)(a)(i) was amended effective July 1, 2020, to require initial disclosures of "the name and, if known, the address and telephone number of each individual

likely to have discoverable information * * * that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Mr. Pietrangelo has not argued on appeal that the recent amendments to Civ.R. 26 applied in this case. Previous versions of Civ.R. 26 did not require initial disclosures. *See generally* Former Civ.R. 26. Similarly, Loc.R. 11(B) of the Lorain County Court of Common Pleas does not require the disclosure of witnesses until fourteen days before the final pretrial conference. In response to Mr. Pietrangelo's discovery requests, however, Avient identified both Mr. Walker and Mr. Sulzer as early as July 8, 2019, as employees at the facility in question who may have had information related to the subject matter of the suit. Mr. Pietrangelo's own discovery responses identified Mr. Walker as an individual with knowledge of the facts related to his complaint, as well as Avient's General Counsel, to whom he had previously addressed correspondence.

{¶39} The trial court did not abuse its discretion, therefore, by denying Mr. Pietrangelo's motion to strike on the basis that these witnesses were previously unknown to him. Regardless, however, Mr. Pietrangelo's recourse in that event was to move for a continuance to permit additional discovery under Civ.R. 56(F). *See Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, ¶ 20, citing *Taylor v. Franklin Blvd. Nursing Home, Inc.*, 112 Ohio App.3d 27, 30 (8th Dist. 1996). Mr. Pietrangelo did so, but he has not assigned error in connection with the trial court's decision to deny that motion. *See, e.g.*, *Fed. Natl. Mtge. Assn. v. McFerren*, 9th Dist. Summit No. 28814, 2018-Ohio-5319, ¶ 20, fn. 2.

{¶40} Mr. Pietrangelo has also argued that the trial court erred by denying his motion to strike the expert affidavit of Timothy Gordon because it contained statements that were not based on personal knowledge or constituted hearsay. As explained in the discussion of Mr. Pietrangelo's third assignment of error, affidavits submitted in support of or in opposition to a

motion for summary judgment must be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). Personal knowledge, however, "'can be inferred from the nature of the facts in the affidavit and the identity of the affiant.'" *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, ¶ 18, quoting *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, ¶ 15, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981). Given the nature of the relationship between Mr. Gordon, Mr. Bielema, Mr. Medlock, and their mutual employer—which was the entity retained by Avient to perform the relevant testing and provide expert testimony—this Court cannot conclude that the trial court abused its discretion in this regard. To the extent that Mr. Pietrangelo has attempted to articulate a similar argument with respect to the other affidavits, this Court reaches the same conclusion.

{¶41} Mr. Pietrangelo also challenged Mr. Gordon's reliance upon data that was collected by Mr. Bielema and Mr. Medlock. "Expert testimony offered in support of or in opposition to summary judgment must comply with Civ.R. 56 as well as the evidence rules governing expert-opinion testimony, Evid.R. 702-705." *Natoli v. Massilon Community Hosp.*, 179 Ohio App.3d 783, 2008-Ohio-6258, ¶ 26 (5th Dist.). *See also Pearson v. Alpha Phi Alpha Homes, Inc.*, 9th Dist. Summit No. 29026, 2019-Ohio-960, ¶ 12, 16; *White v. Vrable*, 10th Dist. Franklin No. 98AP-1351, 1999 WL 771053, *7 (Sept. 30, 1999). Under Evid.R. 703, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing." Evid.R. 705 permits experts to testify by opinion or inference "after disclosure of the underlying facts or data[] * * * in response to a hypothetical question or otherwise." Although experts are required to disclose the

underlying data, "[t]he rule places no restriction on how the witness learns of the facts admitted into evidence." 1980 Staff Note, Evid.R. 705. The affidavits of Mr. Bielema and Mr. Medlock, which were properly admitted, described the testing that they conducted and the data that they collected. Neither Evid.R. 703 nor Evid.R 705 required Mr. Gordon to perceive that data himself, and the trial court did not abuse its discretion by denying the motion to strike on this basis.

{¶42} Mr. Pietrangelo's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED/ABUSED [ITS] DISCRETION TO THE PREJUDICE OF PIETRANGELO IN EXCLUDING/NOT CONSIDERING PIETRANGELO'S OPPOSITION EVIDENCE IN GRANTING [AVIENT'S] MOTION FOR SUMMARY JUDGMENT.

### ASSIGNMENT OF ERROR NO. 7

THE TRIAL COURT ERRED TO THE PREJUDICE OF PIETRANGELO IN GRANTING [AVIENT] SUMMARY JUDGMENT, AND DISMISSING PIETRANGELO'S CLAIMS, AND FINDING THAT PIETRANGELO "IS NOT 'A PERSON OF ORDINARY SENSIBILITIES.'"

{¶43} Mr. Pietrangelo's sixth assignment of error argues that the trial court erred by failing to consider the evidentiary materials that he submitted in opposition to Avient's motion for summary judgment. In essence, Mr. Pietrangelo appears to argue that the trial court could not have reached the conclusion that Avient was entitled to summary judgment had those materials been considered. Likewise, Mr. Pietrangelo's seventh assignment of error argues that the trial court erred by granting summary judgment to Avient.

{¶44} The substantive law underlying the claims at issue provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See*

*Anderson*, 477 U.S. at 248; *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995). "The material issues of each case are identified by substantive law" and "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" (Alterations in original.) *Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12, quoting *Anderson* at 248. Similarly, "in determining whether a triable issue of fact exists so as to preclude summary judgment, a court should determine whether a reasonable jury could find that the evidence satisfies the evidentiary standards required at trial. Only then does a *genuine* issue of material fact precluding summary judgment exist." (Emphasis in original.) *Myocare Nursing Home, Inc. v. Fifth Third Bank*, 98 Ohio St.3d 545, 2003-Ohio-2287, ¶ 33.

{¶45} Mr. Pietrangelo alleged claims for private nuisance, public nuisance, and negligence. A nuisance is "'the wrongful invasion of a legal right or interest.'" *Amore v. Ohio Turnpike Comm.*, 194 Ohio App.3d 182, 2011-Ohio-1903, ¶ 10 (9th Dist.), quoting *Taylor v. Cincinnati*, 143 Ohio St. 426, 431-432 (1944). A private nuisance consists of "'a nontrespassory invasion of another's interest in the private use and enjoyment of land.'" *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, ¶ 7 (4th Dist.), quoting *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 712 (4th Dist. 1993), citing Restatement of the Law 2d, Torts, Section 821D, at 100 (1979). To establish a private nuisance, a plaintiff must demonstrate an invasion that is "either (1) intentional or unreasonable or (2) unintentional but caused by negligent, reckless, or abnormally dangerous conduct." *Ogle* at ¶ 7, citing *Brown* at 712-713, citing Restatement of the Law 2d, Torts, Section 822, at 113-115 (1979). A public nuisance consists of "'an unreasonable interference with a right common to the general public.'" *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 8, quoting 4 Restatement of the Law 2d, Torts, Section 821B(1) (1965). "A public nuisance as such does not

afford a basis for recovery of damages in tort unless there is particular harm to the plaintiff that is of a different kind than that suffered by the public in general." *Brown* at 714, citing Restatement of the Law 2d, Torts, Section 821C(1), at 94 (1979).

{¶46} Nuisances can be further classified as absolute or qualified. *Kramer v. Angel's Path, L.L.C.*, 174 Ohio App.3d 359, 2007-Ohio-7099, ¶ 19 (6th Dist.). An absolute nuisance consists of intentional conduct or the existence of an abnormally dangerous condition. *Id.* A qualified nuisance, on the other hand, "is premised upon negligence." *Id.* at ¶ 21. "A qualified nuisance is a lawful act 'so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another.'" *Id.*, quoting *Metzger v. Pennsylvania, Ohio & Detroit RR. Co.*, 146 Ohio St. 406 (1946), paragraph two of the syllabus. A claim alleging qualified nuisance is, in effect, a claim of negligence, and negligence must be pleaded and proved in order for a plaintiff to recover. *Allen Freight Lines, Inc. v. Consol. Rail Corp.*, 64 Ohio St.3d 274, 275-276 (1992). "The allegations of nuisance and negligence therefore merge, as the nuisance claims rely upon a finding of negligence." *Id.*

{¶47} Avient's motion for summary judgment argued, in part, that Mr. Pietrangelo could not prove the existence of the "industrial effects" that he alleged as the basis for each of his claims. Avient supported its motion with reference to the affidavits discussed above. Mr. Bielema, regional director and senior industrial hygienist for SCT, explained that SCT was retained to perform industrial hygiene monitoring at Mr. Pietrangelo's residence. The purpose of the monitoring, he explained, "was to collect data and quantify any exposures to non-ionizing radiation, pressure/energy waves or vibrations, noise, and fumes at various locations throughout the Residence." Mr. Bielema recalled that he attended a meeting with Mr. Pietrangelo on January 4, 2018, in order for Mr. Pietrangelo to describe the exposures that he alleged to be

present. The following day, Mr. Bielema conducted the assessment of the residence, collecting samples from locations identified as a result of his conversation with Mr. Pietrangelo.

{¶48} Mr. Bielema explained that the monitoring did not indicate an area of concern with respect to non-ionizing radiation and that he "did not observe detectable levels of vibrations * * * [or] effects of vibrations on any contents in the Residence." He also noted that based on Environmental Protection Agency regulations, the data collected did not indicate an area of concern with respect to noise. He explained that noise levels in Mr. Pietrangelo's residence were most significantly affected by the furnace in the residence that operated during the monitoring. Finally, Mr. Bielema explained that the monitoring did not detect any fumes or smells other than a spray that Mr. Pietrangelo employed in the residence prior to the testing.

{¶49} John Medlock, an industrial hygienist employed by SCT, also supplied an affidavit in support Avient's motion for summary judgment. Mr. Medlock explained that he conducted environmental vibration monitoring near Mr. Pietrangelo's residence on August 29, 2019, at six different locations. Four of the locations were in the immediate proximity of the residence; the other two were near the gated entry to the industrial park that houses Avient's Avon Lake facility. Mr. Medlock noted that the monitoring did not detect vibrations at any of the locations where testing took place.

{¶50} Timothy Gordon, a senior occupational health and safety consultant and regional manager employed by SCT, provided an expert report analyzing the data that SCT collected when Mr. Bielema and Mr. Medlock conducted the industrial monitoring in and around Mr. Pietrangelo's residence and the Avient facility. Mr. Gordon explained that levels of non-ionizing radiation were well below standards established by the Occupational Safety and Health Administration. He noted that noise levels were "consistent with noise levels typically found in

a quiet residential neighborhood." Regarding fumes and smells, Mr. Gordon explained that there were no concerning concentrations of volatile organic compounds, carbon monoxide, or hydrogen sulfide. He further noted that "oxygen levels were normal, and combustible gas/vapors were not detected." In summary, Mr. Gordon concluded that "no levels of potential exposure to abnormal fumes were observed." Mr. Gordon's expert report, which was attached as an exhibit to his affidavit, set forth his conclusion that "to a reasonable degree of scientific and professional certainty, * * * the alleged exposures to non-ionizing radiation, pressure/energy/vibrations, noise, and fumes/smells at or near the Residence were either not present or were below acceptable exposure values on the days in which the data was collected by SCT personnel."

{¶51} Avient also supported its motion for summary judgment with affidavits of Thomas Sulzer, the facilities manager for the Avon Lake facility, and Matthew Walker, a maintenance manager. Mr. Sulzer explained that the facility does not use microwave energy to produce heat, but that industrial heat is generated through the process of pressurizing resins and additives. To his knowledge, he explained, that process does not emit radiation to a harmful degree, either to employees or others in the vicinity. Mr. Sulzer explained the operation of other equipment that does use x-rays and noted that system checks had never discovered malfunctions that could pose a hazard to those in proximity to the equipment. Mr. Sulzer noted that employees are monitored for radiation exposure and that such exposure falls within acceptable limits. Mr. Sulzer also summarized past complaints regarding fumes or smells at the facility and the outcome of each.

{¶52} Mr. Walker explained that the bulk transfer lines at the facility are equipped with "sound-deadening insulation" and as a result "therefore create very little sound even when running." He also noted that the same type of insulation was installed over pipes and hoses of

the bulk transfer system by July 2017, resulting in a significantly reduced level of noise. Mr. Walker explained that apart from the bulk transfer system, Avient's operations were unchanged from prior years through the date on which Mr. Pietrangelo alleged that he began experiencing unwanted effects at his residence.

{¶53} Two attorneys also provided affidavits in support of the motion for summary judgment. James L. DeFeo, senior associate counsel for Avient, explained that he was aware of Mr. Pietrangelo's complaint in May 2017 and a subsequent Ohio Environmental Protection Agency investigation, which determined that the complaint was unsubstantiated. He also stated that he was not aware of any other complaints from Avon Lake residents alleging harm similar to Mr. Pietrangelo's allegations. Tracy Turnbull, counsel for Avient, provided an affidavit that incorporated various documents.

{¶54} Mr. Pietrangelo's response to Avient's motion for summary judgment argued that summary judgment should be denied because there were genuine issues of material fact—namely, that there was "substantial evidence" of nuisances in the form of "noise, vibrations, fumes/smells, and non-ionizing radiation" emitted from Avient's facility. As support for this assertion, Mr. Pietrangelo referenced his own prior statements as well as his own affidavit submitted in support and accompanying exhibits, deposition statements made by Avon Lake police officers, and documentation related to historical conditions at the industrial campus. [4]

{¶55} As a threshold matter, this Court notes that Mr. Pietrangelo's affidavit and the exhibits that accompanied it suffer from the same evidentiary defects of which he accuses Avient. Although the trial court noted the deficiency of Mr. Pietrangelo's Civ.R. 56 evidence, it

---

[4] This Court notes that Mr. Pietrangelo's entire response to Avient's motion for summary judgment was filed under seal pursuant to a protective order.

is apparent that, contrary to Mr. Pietrangelo's assertions in his sixth assignment of error, the trial court considered that evidence nonetheless. Accordingly, this Court must consider it as well. *See generally Cunningham*, 175 Ohio App.3d 627, 2008-Ohio-1172, at ¶ 17. Mr. Pietrangelo's affidavit described in detail his own observations regarding the alleged nuisance and posited legal conclusions drawn from those observations. He noted, for example, that he "scientifically looked at all other possible sources, and then one by one objectively excluded them[,]" then described at length his own observations and deductions. At no point, however, did Mr. Pietrangelo engage an expert.

{¶56} The trial court concluded that, given the nature of his claims and the injury he was alleged to have suffered, Mr. Pietrangelo was required to submit evidence in the form of expert testimony. Failing to do so, the trial court noted, left Mr. Pietrangelo in the position of responding to Avient's expert testimony with "his own anecdotal observations, opinions, and conclusions peppered with copious amounts of hearsay and unauthenticated documents." Consequently, the trial court reasoned, Mr. Pietrangelo's response, although voluminous, did not meet his burden of demonstrating that there were genuine issues of material fact that precluded summary judgment. This Court agrees.

{¶57} "The purpose of expert testimony is to aid and assist the trier of fact in understanding the evidence presented and in arriving at a correct determination of the litigated issues." *Waste Mgt. of Ohio, Inc. v. Cincinnati Bd. of Health*, 159 Ohio App.3d 806, 2005-Ohio-1153, ¶ 55, citing *McKay Machine Co. v. Rodman*, 11 Ohio St.2d 77, 81 (1967). Expert testimony is necessary "[u]nless a matter is within the comprehension of a layperson[.]" *Ramage v. Cent. Ohio Emergency Servs., Inc.*, 64 Ohio St.3d 97, 102 (1992); Evid.R. 702(A). *Compare Schadhauser v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. Franklin Nos. 17AP-794, 17AP-795,

17AP-796, 2018-Ohio-3282, ¶ 11, citing *Harris v. Ohio Dept. of Rehab. and Corr.*, 10th Dist. Franklin No. 13AP-466, 2013-Ohio-5714, ¶ 17 ("[T]he mechanisms for contracting specific medical conditions typically are not within the knowledge of a layperson."); *Migliori v. Merritt*, 6th Dist. Lucas No. L-11-1136, 2012-Ohio-3614, ¶ 13 (noting that the origin and cause of a fire may be beyond the knowledge of a layperson); *Salisbury v. Gordon Air Mgt. Corp.*, 9th Dist. Summit No. 19085, 2000 WL 92087, *4 (Jan. 19, 2000) (concluding that the operation of an aircraft is a matter beyond the common knowledge of a layperson).

{¶58} Mr. Pietrangelo's complaint alleged that Avient "spew[ed] non-ionizing radiation, pressure/energy waves, vibrations, noise, and/or fumes/smells harmful to human health and home" into the vicinity of the Avon Lake facility and, as a result, that he sustained various physical maladies. Neither the existence of the conditions alleged by Mr. Pietrangelo nor their connection to his alleged physical ailments is a matter within the common knowledge or comprehension of laypersons. The trial court did not err in this conclusion, and it is clear from the record that Mr. Pietrangelo chose not to respond to Avient's motion for summary judgment with any expert affidavits supporting his claims, despite the trial court having cautioned him to do so on more than one occasion. Having failed to do so, any possible issues of fact that he identified are not genuine for purposes of summary judgment. *See Myocare Nursing Home, Inc.*, 98 Ohio St.3d 545, 2003-Ohio-2287, at ¶ 33. Further, to the extent that Mr. Pietrangelo's response to Avient's motion for summary judgment relied upon historical information about PolyOne that was not germane to his claims, any issues of fact are not material for purposes of Civ.R. 56. *See Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10, at ¶ 12, quoting *Anderson*, 477 U.S. at 248.

**{¶59}** Avient demonstrated that there were no genuine issues of material fact that would preclude summary judgment. Avient's motion and supporting evidentiary materials also established that there was no wrongful invasion of a legal right on its part because the conditions that were alleged by Mr. Pietrangelo did not exist. The trial court, therefore, did not err by granting summary judgment to Avient on this basis. Mr. Pietrangelo also argues that the trial court erred by concluding that he was "not 'a person of ordinary sensibilities.'" Because this Court has concluded that the trial court did not err in its threshold analysis, we need not address its alternative justifications for granting summary judgment to Avient. *See*, *e.g.*, *Grubach v. Univ. of Akron*, 10th Dist. Franklin No. 19AP-283, 2020-Ohio-3467, ¶ 65.

**{¶60}** Mr. Pietrangelo's sixth and seventh assignments of error are overruled.

### III.

**{¶61}** Mr. Pietrangelo's seven assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES E. PIETRANGELO, II, pro se, Appellant.

TRACEY TURNBULL, Attorney at Law, for Appellee.

JULIE HARRIS and NADA G. FADDOUL, Attorneys at Law, for Appellee.

L. BRADFIELD HUGHES and RYAN GRAHAM, Attorneys at Law, for Appellee.