**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Rieger v. Giant Eagle, Inc.,* **Slip Opinion No. 2019-Ohio-3745.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3745

RIEGER, APPELLEE, *v*. GIANT EAGLE, INC., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rieger v. Giant Eagle, Inc.,* Slip Opinion No. 2019-Ohio-3745.]**

*Civil law—Application of Civ.R. 50(A)(4)—Directed verdict should be granted when there is insufficient evidence as a matter of law establishing causation for claims of negligence and negligent entrustment—Court of appeals' judgment reversed.*

(No. 2018-0883—Submitted April 24, 2019—Decided September 19, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 105714, 2018-Ohio-1837.

_____

**STEWART, J.**

{¶ 1} This is a discretionary appeal from the Eighth District Court of Appeals challenging a jury verdict awarding compensatory and punitive damages on claims of negligence and negligent entrustment against appellant, Giant Eagle,

Inc. Because there is insufficient evidence as a matter of law to establish causation for purposes of those claims, the court of appeals should have reversed the trial court's denial of Giant Eagle's Civ.R. 50(A)(4) motion for a directed verdict. Accordingly, we reverse the judgment of the court of appeals and enter judgment in favor of Giant Eagle.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In December 2012, appellee, Barbara Rieger,[1] was at the Giant Eagle grocery store in Brook Park. While she was standing at the bakery counter, her shopping cart was hit by a Giant Eagle motorized cart driven by Ruth Kurka. As a result of the collision, Rieger was knocked to the ground and injured. Rieger was not able to stand after the accident and was taken to the hospital by ambulance. She incurred $11,511 in medical bills. She subsequently filed a personal-injury action against Kurka and Giant Eagle. Kurka died prior to trial, but her estate settled with Rieger for $8,500 and Kurka's estate was dismissed as a party in the lawsuit.

{¶ 3} At trial, Rieger testified on her own behalf. She also presented portions of deposition testimony from the decedent's husband, George Kurka, and corporate representatives from Giant Eagle. During his deposition, George Kurka testified that his wife had been diagnosed with dementia prior to the incident at Giant Eagle and that his wife had never been trained on how to operate the motorized cart. Giant Eagle's corporate representative testified at his deposition that (1) Giant Eagle provides motorized carts for customers with mobility limitations, (2) there are no operational instructions on the carts, (3) Giant Eagle assumes that all individuals who use the carts know how to drive them, and (4) the warnings posted on the carts are for the cart operators. Rieger also presented to the jury evidence of 117 incidents involving motorized carts at various corporate-owned Giant Eagle stores from 2004 to 2012. Before the case was submitted to the

---

1. On August 26, 2019, counsel for Rieger filed a suggestion of death notifying this court that Rieger died on August 26, 2019.

jury, Giant Eagle moved for a directed verdict on the issues of negligence and negligent entrustment. The trial court denied Giant Eagle's requests.

{¶ 4} On October 16, 2016, the jury found Giant Eagle negligent and that Giant Eagle's negligence was the proximate cause of Rieger's injuries. The jury awarded Rieger $121,000 in compensatory damages and $1,198,000 in punitive damages. The parties stipulated that any compensatory damages awarded by the jury would be offset by the $8,500 settlement between Rieger and Kurka's estate. Rieger filed a motion, which Giant Eagle opposed, asserting that R.C. 2315.21— Ohio's statute limiting punitive-damage awards to two times the amount of the compensatory-damages award—was unconstitutional as applied to her case. Following a hearing, the trial court agreed with Rieger and found the statutory cap on punitive damages under R.C. 2315.21 unconstitutional as applied to her case. Consequently, the trial court entered a judgment awarding Rieger $112,500 in compensatory damages and $1,198,000 in punitive damages.

{¶ 5} Giant Eagle timely appealed and asserted, among other arguments, that the trial court erred when it denied Giant Eagle's motion for a directed verdict on the issues of negligence, negligent entrustment, and punitive damages. The court of appeals disagreed and held that reasonable minds could have found in Rieger's favor on each issue. Although the Eighth District affirmed the compensatory-damages award, it reversed the trial court's judgment that R.C. 2315.21 was unconstitutional as applied to Rieger's case and reduced her punitive-damages award from $1,198,000 to $242,000.

{¶ 6} Giant Eagle timely appealed to this court, and we accepted the following three propositions of law:

> Proposition of Law I: For stores that provide motorized carts to disabled shoppers, the Eighth District created entirely new tort duties owed by them—a duty to warn the user about the obvious

3

danger of a pedestrian-cart collision, a duty to train disabled customers how to operate a simple motorized cart, and a duty to interrogate customers to determine whether their disability disqualifies them from operating a cart.

Proposition of Law II: The Eighth District has created a new standard for malice that makes the mere possibility of harm from the underlying tortious conduct—no matter how improbable—sufficient for an award of punitive damages.

Proposition of Law III: For accidents involving motorized shopping carts, the Eighth District created a new strict liability standard for stores by (a) eliminating the need to prove that the store's negligence caused the accident and (b) basing that liability solely on dissimilar motorized shopping cart accidents thereby rendering the store an insurer for such accidents.

*See* 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260; 154 Ohio St.3d 1432, 2018-Ohio-4670, 111 N.E.3d 1432.

{¶ 7} We need address only the third proposition of law to resolve this case. Upon review, we hold that there is insufficient evidence as a matter of law establishing causation to support Rieger's claims of negligence and negligent entrustment against Giant Eagle. The trial court should not have denied Giant Eagle's motion for a directed verdict, and the court of appeals should not have affirmed the trial court's judgment. Accordingly, we reverse the judgment of the court of appeals and enter judgment in favor of Giant Eagle.

## II. LAW AND ANALYSIS

{¶ 8} A court's decision whether to grant or deny a motion for a directed verdict under Civ.R. 50(A)(4) is a question of law that this court reviews de novo.

4

*White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, 959 N.E.2d 1033, ¶ 22. Civ.R. 50(A)(4) provides:

> When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

{¶ 9} A motion for a directed verdict should be granted when, after construing the evidence most strongly in favor of the party against whom the motion is directed, " 'reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.' " *Leimbach* at ¶ 22, quoting *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. Before granting a motion for a directed verdict in accordance with Civ.R. 50(A)(4), the reasonable-minds test requires the court to determine whether there is any evidence of substantive probative value that favors the nonmoving party. *Id.* Thus, although a motion for a directed verdict does not present a question of fact, when deciding a motion for a directed verdict the court must " 'review and consider the evidence.' " *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68, 430 N.E.2d 935 (1982), quoting *O'Day v. Webb*, 29 Ohio St.2d 215, 280 N.E.2d 896 (1972), paragraph three of the syllabus. In order for a personal-injury action to be submitted to a jury, a plaintiff must produce some evidence for each element essential to establish liability. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981).

### A. *The Negligence Claim*

{¶ 10} In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach. *Strother* at 286-287. The failure to prove any one of these elements is fatal to a claim of negligence, and we consider the sufficiency of the evidence for the element of causation. That is, we must determine whether there was any evidence that Rieger would not have been injured had Giant Eagle provided Kurka with training or instruction for purposes of operating the motorized cart.

{¶ 11} Generally, causation is a question of fact for the jury; however, before the question may be submitted to the jury, the plaintiff must present some evidence of causation. *Renfroe v. Ashley*, 167 Ohio St. 472, 150 N.E.2d 50 (1958). In *Renfroe*, the plaintiff alleged that a landlord's failure to install a handrail within an interior stairway as required by law proximately caused her to fall down those stairs and injure herself. The only evidence that the plaintiff submitted to the jury regarding the cause of her fall was her own testimony, which included the statement that she did not know "whether [she] slipped or tripped or what happened." *Id*. at 475. We held that despite the fact that the landlord had failed to install the handrail, the evidence of causation was too meager and inconclusive to support a finding that the landlord's failure was the direct or proximate cause of the plaintiff's fall and injury. *Id*.

{¶ 12} Causation is established using the "but for" test. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84-85, 671 N.E.2d 225 (1996). A defendant's conduct is the cause of the harm if the harm would not have occurred but for the defendant's act or failure to act. *Id*.; *see also Renfroe* at 475; *Strother*, 67 Ohio St.2d at 287, 423 N.E.2d 467. It is not enough for the plaintiff to assert or speculate that the defendant's actions or failure to act *might* have caused the injury. *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 91 N.E.2d 256 (1950), paragraph two of

6

the syllabus; *accord Krupar v. Procter & Gamble Co.*, 160 Ohio St. 489, 117 N.E.2d 7 (1954), paragraph two of the syllabus. There must be evidence of causation before the plaintiff's negligence claim may be submitted to the jury. *Johnson v. Wal-Mart Stores E., L.P.*, 2014-Ohio-2998, 12 N.E.3d 1262, ¶ 24 (2d Dist.).

{¶ 13} In *Johnson*, the plaintiff was injured when she was hit by a Wal-Mart motorized cart driven by another customer. In the plaintiff's action for damages against Wal-Mart, she asserted that Wal-Mart had breached a duty of care owed to her, a business invitee, because it had failed to instruct and train the operators of its motorized carts and because it had failed to warn other Wal-Mart customers about the risks of being around those customers who were using the motorized carts. It was undisputed that Wal-Mart did not provide training or instruction for the operation of its carts. The Second District Court of Appeals held that Wal-Mart's lack of training its customers on the operation of its carts was insufficient as a matter of law to establish that the lack of training was causally related to the plaintiff's injury. *Id*. at ¶ 26, 29. Accordingly, the court held that there was no genuine issue of material fact on the element of causation to send to the jury.

{¶ 14} Here, the court of appeals found sufficient evidence from which reasonable minds could find that Giant Eagle was negligent. But the only element of a negligence claim that the court of appeals found that Rieger had met was establishing the existence of a duty. More specifically, the court of appeals found that Giant Eagle's knowledge of the prior 117 incidents involving motorized carts was reasonably sufficient to establish that Giant Eagle owed a duty to Rieger. But even if we were to agree with the court of appeals that there was legally sufficient evidence for a reasonable jury to find that Giant Eagle owed a duty to Rieger, a plaintiff's injury and evidence of a duty are not enough. Rieger still had to prove that Giant Eagle's failure to provide Kurka with instruction or training on how to

operate the motorized carts caused Rieger's injuries. And the court of appeals' opinion is silent on the element of causation.

{¶ 15} Rieger asserts that Giant Eagle breached its duty to Rieger, a business invitee, by failing to take any action to protect her from the negligence of other customers who had not been instructed on how to use the motorized carts and that had Giant Eagle properly instructed the motorized-cart users, Rieger's accident could have been prevented. This is speculation. Rieger presented no evidence that the cause of the prior 117 incidents was due to motorized-cart drivers' lack of instruction and training. Likewise, Rieger presented no evidence that Giant Eagle's lack of instruction and training was the cause of the accident in her case. Because there is no evidence of causation, the court of appeals should have reversed the trial court's denial of Giant Eagle's motion for a directed verdict on Rieger's negligence claim. It is therefore not necessary to decide whether Rieger presented sufficient evidence establishing the existence of a duty, the breach of that duty, or damages.

*B. The Negligent-Entrustment Claim*

{¶ 16} As with the negligence claim, Rieger argues, and the court of appeals agreed, that Giant Eagle's knowledge of the 117 prior incidents involving motorized carts in its stores and Giant Eagle's failure to provide instruction were sufficient to establish a claim of negligent entrustment. Again, the record contains no evidence of causation.

{¶ 17} To establish a claim for negligent entrustment involving the operation of a motorized vehicle, the plaintiff must show that the vehicle was operated with permission of the owner, that the driver of the vehicle was incompetent to operate it, and that the owner of the vehicle knew—either through actual knowledge or through knowledge implied from known facts at the time of the entrustment—that the driver was unqualified or incompetent to operate the vehicle. *Gulla v. Straus*, 154 Ohio St. 193, 93 N.E.2d 662 (1950), paragraph three of the syllabus. Additionally, the plaintiff must show that the vehicle owner's

negligent entrustment caused the plaintiff's injury. *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426, ¶ 36. The failure to prove any one of these elements is fatal to a claim of negligent entrustment.

{¶ 18} As we observed regarding the negligence claim, despite the fact that Giant Eagle does not provide training for its customers who use the motorized carts, there is no evidence that training would have prevented the accident in this case. In fact, the trial court had evidence before it that Kurka had been driving the motorized carts for well over a year, drove them on a regular basis, and had no accidents prior to the accident in this case. Mr. Kurka testified that his wife had been diagnosed with dementia prior to the accident; however, Rieger did not present any evidence, expert or otherwise, that Kurka's dementia rendered her incompetent to operate the motorized cart or that her dementia caused the accident. And even if Kurka's dementia was somehow a contributing factor to the accident, Rieger did not present any evidence that Kurka's dementia was discernable. Again, because there is no evidence of causation to support a claim of negligent entrustment, the trial court should have granted Giant Eagle's motion for a directed verdict on Rieger's claim of negligent entrustment. We therefore do not need to decide whether Rieger presented sufficient evidence establishing the remaining elements of negligent entrustment.

### C. The Punitive-Damages Claim

{¶ 19} In light of our holding that this case should have been resolved by the granting of a directed verdict in Giant Eagle's favor, the award of punitive damages must be vacated. Pursuant to R.C. 2315.21(C), punitive damages are not recoverable unless there has been a verdict in the plaintiff's favor on the issue of compensatory damages. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 13; *see also Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 650, 635 N.E.2d 331 (1994) (punitive damages are awarded as an

incident to the cause of action from which they are sought; compensable harm must be found before punitive damages may be considered).

### III. CONCLUSION

{¶ 20} Upon review, we hold that there is insufficient evidence of causation as a matter of law to support the claims of negligence and negligent entrustment against Giant Eagle. The trial court should have granted Giant Eagle's motion for a directed verdict, and the court of appeals should not have affirmed the trial court's judgment. Accordingly, we reverse the court of appeals' judgment and enter judgment in favor of Giant Eagle.

Judgment reversed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

_____

Wargo & Wargo, L.P.A., John J. Wargo, and Thomas M. Wilson, for appellee.

Williams, Moliterno & Scully Co., L.P.A., Roger H. Williams, and Christina N. Williams; and Marcus & Shapira, L.L.P., and Scott D. Livingston, for appellant.

Vorys, Sater, Seymour & Pease L.L.P., Richard D. Schuster, and Nathan L. Colvin, urging reversal for amici curiae, Food Marketing Institute, Ohio Council of Retail Merchants, Ohio Grocers Association, Ohio Alliance for Civil Justice, National Grocers Association, and Ohio Chamber of Commerce.

_____