[Cite as *Lucas Cty. Children's Servs. v. Kujawski*, 2025-Ohio-5605.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Lucas County Children's Services, et al. | Court of Appeals No.  {48}L-25-00141 |
| Appellees | Trial Court No.  CI020250567 |
| v. | |
| Amber R. Kujawski | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 16, 2025 |

* * * * *

William H. Dailey, V and Elain B. Szuch, for appellee.

Amber R. Kujawski, pro se.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** This matter is before the court upon the pro se appeal by appellant, Amber Kujawski, challenging the dismissal of her complaint by the Lucas County Court of Common Pleas. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} On February 13, 2025, Kujawski filed a complaint, appearing pro se, naming as defendants Lucas County Children Services (LCCS); Randall Muth, LCCS Director; Donna Seed, LCCS Interim Director; Erin Carte, LCCS case worker; and various John Doe defendants in their individual and official capacity for LCCS. Kujawski alleged the following:

(1) She is the mother and sole guardian of her minor children, R.R.K and H.M.K, and the named defendants were entrusted with care and control of the children during supervised visits at the agency.

(2) The named defendants were negligent in their policies and supervision of the children, resulting in molestation and injury to R.R.K and H.M.K.

(3) Through their negligence and failure to protect the children, the named defendants violated the rights of R.R.K and H.M.K under state and federal law, including the Child Protection Act, and the Eighth and Fourteenth Amendments to the United States Constitution.

(4) The case worker defendant unlawfully removed R.R.K and H.M.K from Kujawski in violation of her Fourteenth Amendment due process rights.

(5) Despite Kujawski's repeated complaints, LCCS failed to protect R.R.K and H.M.K pursuant to its policy.

{¶ 3} As relief, Kujawski requests $20 million for "physical, mental, and emotional damages, $20 million for "Deliberate Indifferency by LCCS for failure to follow up on complaints and failure to protect the children pursuant to policy," $50 million in punitive damages, and an award of costs and attorney fees.

{¶ 4} On April 15, 2025, the LCCS defendants filed a motion to dismiss, arguing Kujawski asserted no personal claims and may not act as attorney for the claims of her children, appearing pro se, pursuant to R.C. 4705.01, which prohibits the unauthorized practice of law. Kujawski is not an attorney, licensed to practice in Ohio. Kujawski filed an opposition brief to the motion to dismiss, arguing she is seeking damages on her own behalf, arguing she suffered the same trauma as her children based on the failure to protect the children from molestation. LCCS filed a reply brief, reiterating argument of unauthorized practice of law, noting Kujawski's objection demonstrates she seeks damages for injury experienced by her children, and her claim that she shares the trauma was not a matter included in her pleading.

{¶ 5} On May 21, 2025, the trial court dismissed the case in a written opinion and order, pursuant to Civ.R. 12(B)(6), noting Kujawski asserted claims on behalf of R.R.K and H.M.K and Kujawski is not an attorney. The trial court found Kujawski is unable to represent her children, requiring dismissal of claims made by Kujawski for the benefit of the children. The trial court further determined that, to the extent Kujawski alleged a due process violation "when her children were removed from her custody," Kujawski's claim amounted to a legal conclusion, with no allegations beyond the "mere assertion and

conclusion that her due process rights were violated." The trial court determined that the sole personal claim was deficient and dismissed the complaint in its entirety.

{¶ 6} This appeal followed.

### III. Analysis

{¶ 7} As a preliminary matter, we note Kujawski appears pro se. It is well-settled law that a pro se litigant is presumed to have knowledge of the law and legal procedure and must be held to the same standard as litigants represented by counsel. *Gimex Props. Corp., Inc. v. Reed,* 2022-Ohio-4771, ¶ 56 (6th Dist.), citing *In re Application of Black Fork Wind Energy, LLC,* 2013-Ohio-5478, ¶ 22 (6th Dist.) (additional citation omitted.). Kujawski, as a pro se litigant, is given no greater rights than represented parties and must bear the consequences of any mistakes in litigation. *Id.,* quoting *Walker v. Metropolitan Environmental Services, Inc.,* 2018-Ohio-530 (6th Dist.) (additional citation omitted.). Thus, "[t]he court may afford a pro se litigant some leeway by generously construing [their] filings, but it is 'not required to craft well-articulated claims from poorly drafted arguments.'" *Johnson v. Geico Homesite, Inc.,* 2017-Ohio-7273, ¶ 9 (6th Dist.), quoting *HSBC Bank United States NA v. Beins*, 2014-Ohio-56, ¶ 6 (6th Dist.) (additional citation omitted.).

{¶ 8} In her brief, Kujawski asserts a "statement of the issue" in lieu of an assignment of error, as follows:

> Did the Court err in dismissing suit, by not ordering a hearing first to determine the factual basis on whether mother was filing a suit on behalf of her children or for her own interest?

Additionally, Kujawski reiterates her claims, arguing she is suing under the policies and procedures of LCCS, arguing the negligence of LCCS in following its policies and procedures caused the molestation of her children and Kujawski is entitled to sue, personally, based on the conduct of the LCCS defendants and not the actual injury that resulted from the conduct. Kujawski includes no argument relative to her due process claim.

{¶ 9} The trial court determined the matter under Civ.R. 12(B)(6), with consideration limited to the procedural, based on the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992). We review the trial court's dismissal under Civ.R. 12(B)(6) de novo. *Randall v. JM Smucker Company,* 2024-Ohio-4725, ¶ 14 (6th Dist.).

{¶ 10} Pursuant to Civ.R. 12(B)(6), dismissal is proper if it appears "beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." (Citation omitted) *Ohio Bur. of Workers' Comp. v. McKinley,* 2011-Ohio-4432, ¶ 12. We must construe all allegations in the complaint as true, construing the allegations and any reasonable inferences drawn from those allegations in the nonmoving party's favor. *Id.*

{¶ 11} As argued by appellee, LCCS, Kujawski limits her appeal to the failure of the trial court to hold an evidentiary hearing on the motion to dismiss. However, Kujawski also appears to assert error regarding the trial court's determination that she sued, not as a party, but on behalf of her children. We address each issue together.

{¶ 12} Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted. Preliminary hearing on Civ.R. 12(B)(6) motions are governed by Civ.R. 12(D), which provides for hearing and determination "before trial on application of any party." *Parrish v. Jones,* 2013-Ohio-5224, ¶ 12. The intent of this rule is that a Civ.R. 12(B) defense should be heard and decided by the court *before* the trial of the case. *State ex rel. Keating v. Pressman,* 38 Ohio St.2d 161, 163-164 (1974).

{¶ 13} In arguing a requirement for evidentiary hearing prior to ruling on a motion to dismiss under Civ.R. 12(B)(6), Kujawski cites to no legal authority in support. The law, instead, demonstrates that an evidentiary hearing is not required. *See, e.g., Brisbane v. Swagelok Co.,* 2025-Ohio-1450, ¶ 13 (8th Dist.) ("A trial court is not required to hold an evidentiary hearing on a motion to dismiss under Civ.R. 12(B)(6)."). This is consistent with the procedural nature of a motion to dismiss for failure to state a claim, as Civ.R. 12(B)(6) limits the trial court to consideration of the pleadings, without reference to additional evidence. (additional citations omitted) *McMullian v. Borean,* 2006-Ohio-3867, ¶ 8 (6th Dist.).

{¶ 14} In Kujawski's case, the trial court heard and decided the motion to dismiss after LCCS and Kujawski fully briefed the matter, based solely on the allegations in Kujawski's complaint. Because Kujawski was heard by the trial court, through her memorandum in opposition as provided by Civ.R. 12(B)(6) and (D), she was not denied due process.

{¶ 15} In addition to challenging the lack of an evidentiary hearing, Kujawski argues the trial court incorrectly determined that she was seeking damages on behalf of her children. She argues she has her own claim and sustained personal damages because of LCCS failing to follow its policy. In support, Kujawski cites no allegations in her complaint that asserts a personal claim or personal damages.

{¶ 16} As previously addressed, determination of a Civ.R. 12(B)(6) motion is limited to the allegations in the pleading. *McMullian* at ¶ 8. Within Kujawski's complaint, she alleges she is the mother of R.R.K and H.M.K and that LCCS and its agents "were negligent in their policies and supervision of her children while placed in their custody resulting in the molestation and injury to [the minor children]." She further alleges that the negligence of LCCS and its agents caused her children to be "placed in harms [sic.] way and injured severely[.]" She alleged that the conduct of LCCS and its agents violated her children's rights "by neglecting to follow their own policies governing the safety of the children placed in their care." Kujawski then provided a detailed timeline of her divorce from the father and alleged abuser, including circumstances related to the abuse. Kujawski specifically noted additional, alleged abuse occurred during a Level 1 visitation at LCCS on February 21, 2023, followed by father giving up all rights concerning his children.

{¶ 17} Kujawski concluded this recitation with the following:

> In conclusion Plaintiff argues that [LCCS] violated its own Policy, in regards to level 1 visits where the visitors are to remain in the visit room for the entire period and not able to leave for any reason, during such time the childrens [sic.] father (who was being investigated for molestation at that

very time) was able to walk right out of the visit room and to the bathroom, where he was able to digitally penetrate [HMK] with absolutely no reprecusions [sic.] in violation of State and Federal Constitution, State and Federal Policies and the Child Protection Act.

Kujawski sought damages in the aggregate of $90 million, including punitive damages.

{¶ 18} Based on the complaint, Kujawski sought damages arising from negligence. To state a sufficient negligence claim, Kujawski must allege the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach. *Rieger v. Giant Eagle, Inc.,* 2019-Ohio-3745, ¶ 10. The absence of "any one of these elements is fatal to a claim of negligence." *Id.*

{¶ 19} Here, Kujawski alleged duty, breach, and injury to her children, but the complaint contains no allegations of any injury she personally sustained because of a breach of duty owed by LCCS or its agents. Without allegations of injury to Kujawski, proximately caused by the alleged negligent conduct, Kujawski's complaint fails to state a claim for herself and can only be construed as asserting a claim on behalf of her children. However, while a parent may serve as a representative for a child in a suit, a parent may not also act as counsel for the child unless the parent is a licensed attorney. *In re D.L.,* 2010-Ohio-1888, ¶ 13 (6th Dist.), citing *In re Unauthorized Practice of Law in Cuyahoga Cty.,* 175 Ohio St. 149, 151 (1963).

{¶ 20} Accordingly, construing the factual allegations in the complaint as true, there are no allegations that assert any personal negligence claim for Kujawski. Dismissal for failure to state a claim, therefore, was proper.

**{¶ 21}** Kujawski's assigned error, presented as her issue on review, is not well-taken.

## IV. Conclusion

**{¶ 22}** We affirm the judgment of the Lucas County Court of Common Pleas. Kujawski is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J. _____

_____
JUDGE

Myron C. Duhart, J. _____

Charles E. Sulek, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.